judgment unless such debtor would turn over his property for the benefit of the creditor, or a sufficient amount of property to pay the judgment. It is no hardship on the debtor, or the surety on his bond, to hold him liable for the amount of the debt under the proof in this case. The debtor did not perform the judgment of the County Court by surrendering himself. He failed, under the proof in this case, to appear and surrender himself into custody at the proper time. The surety on the bond did not cause the debtor to be delivered over to the sheriff and surrender him into custody at the proper time. The surety on the bond, therefore, as well as the principal, became absolutely liable for the amount of the debt.

The judgment is affirmed.

*Affirmed.*

---

**Paul Block, Incorporated, Appellee, v. Frank O. Balch, Appellant.**

**Gen. No. 18,926.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed February 3, 1914.

### Statement of the Case.

Action by Paul Block, Incorporated, against Frank O. Balch on a promissory note. From a judgment for plaintiff, defendant appeals.

HARRY A. BIOSSAT, for appellant.

ISAAC S. ROTHSCHILD, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

BILLS AND NOTES, § 450*—*sufficiency of evidence of presentment for payment.* Positive testimony by the holder of a note that same was presented to defendant as indorser on both the day before and on the day of its maturity, but that he did not request payment on the former date, was *held,* in the absence of a specific denial of the fact in controversy, to indicate with sufficient certainty that the note was presented for payment on the date of its maturity, although in the course of his examination the witness became somewhat confused as to dates.

---

## Henry D. Laughlin, Appellee, v. Chicago Railway Equipment Company et al., Appellants.

### Gen. No. 18,940.

1. CORPORATIONS, § 178*—*when holder of old certificates of stock not deprived of right to inspect books.* The fact that a stockholder has not exchanged his certificates of stock for a new issue after the corporation has changed the par value of its stock pursuant to statute does not make him any less a stockholder so as to deprive him of the right to enforce the right of inspection of corporate books under the statute.

2. CORPORATIONS, § 179*—*when proof does not show unlawful purpose to inspect corporate books.* On petition by a stockholder for a writ of mandamus to compel the corporation and its officers to permit the petitioner to inspect the books of the company, a defense was interposed that the petitioner desired the information that might be obtained from examining the books for unlawful purposes. *Held,* that conceding such defense was available, the proof offered did not tend to prove an unlawful purpose and that the court properly rejected such evidence.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed February 3, 1914.

*Certiorari* denied by Supreme Court (making opinion final).

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.